PUTNAM SAV. BANK v. BEAL.

(Circuit Court, D. Massachusetts. March 1, 1893.)

No. 2,994.

1. ASSIGNMENT—WHAT CONSTITUTES—BANKS—INSOLVENCY.

To constitute an equitable assignment of property, there must be an appropriation or separation, and the mere intent to appropriate is not sufficient.

2. SAME.

Plaintiff bought of a bank $25,000 of five-year city of Duluth bonds, and paid the $25,000. The bank, not having in its possession enough of the five-year bonds, proposed to set aside $17,000 five-year bonds and $8,000 one-year bonds, and to exchange the latter for five-year bonds as soon as received. A clerk was directed to make a package of such bonds, and mark it with plaintiff's name, and set it aside as his property, and the officers of the bank supposed this had been done. When defendant, as receiver, took possession of the bank, there were found two packages of bonds. The first package contained $18,500 five-year bonds, with a slip of paper on which was written a memorandum, "Property of Putnam Ct. Sav. Bank; 6,500 more due them 5 year bonds." The second package contained bonds amounting to $23,611.50, of which three, amounting to $10,255.90, had one year to run; six, amounting to $2,280.81, had five years to run; the remaining bonds running two, three, and four years. With this package was a slip of paper on which was written a memorandum of the date, amount of bonds, and the time when due, and also the words, "6,500 due Putnam." *Held*, that these facts did not show an equitable assignment by the bank to the plaintiff of the remaining $6,500 worth of bonds.

In Equity. Suit by the Putnam Savings Bank against Thomas P. Beal, receiver of the Maverick National Bank. On demurrer to petition. Sustained.

C. M. Reed, for complainant.

Hutchins & Wheeler and Frank D. Allen, U. S. Atty., for defendant.

COLT, Circuit Judge. The Maverick Bank agreed to sell to the plaintiff $25,000 five-year city of Duluth bonds, for which the plaintiff remitted its check for $25,000. Not being able at once to procure all the bonds, the bank proposed to set aside $17,000 five-year bonds, and $8,000 one-year bonds, and to exchange the one-year bonds for five-year bonds as soon as received. This proposition was accepted. Accordingly the clerk having charge of the bond department of the bank gave directions to another clerk, under him, to make a package of $17,000 five-year bonds and $8,000 one-year bonds, mark it with the plaintiff's name, and set it aside as the property of the plaintiff; and the officers of the bank and managing clerk supposed this had been done. When the defendant, as receiver, took possession of the Maverick Bank, November 2, 1891, there was found a package of $18,500 five-year bonds, with a slip of paper on which was written:

Sept. 30, 1891.

Property of

Putnam Ct. Sav. Bank

25,000 Duluth 6s sold

Duluth 6 due Oct. 5, '96
6,500 more due them 5 year bonds

18,500.

There were also found two other packages of these bonds. One of these packages contained bonds amounting to $23,611.50, of which three, amounting to $10,255.90, had one year to run; six, amounting to $2,280.81, had five years to run; the remaining bonds running two, three, and four years. With this package was a slip of paper on which was written a memorandum of the date, amount of bonds, and the time when due, and also the words, "6,500 due Putnam." The other package contained ten $1,000 bonds, having four years to run, and two $500 bonds, having five years to run. Accompanying this package were two slips of paper, one marked with a memorandum of the amount and date of the bonds, while on the other was written the following: "Hold for the Travellers' Ins. Co. 25,000. 4 & 5 yr. bonds bot." The Travellers' Insurance Company never paid for, and makes no claim to, these bonds. The package of $18,500 bonds has been delivered to the plaintiff by the receiver, and this suit is now brought to recover the remaining $6,500 of the $25,000 purchased. The case was heard on demurrer to the bill.

A receiver takes the property subject to all the equities which exist against the bank. Winsor v. McLellan, 2 Story, 492; Dugan v. Nichols, 125 Mass. 43; Beach, Rec. § 474. The question in the present case is whether the facts show an equitable assignment by the Maverick Bank, in favor of the plaintiff, of $6,500 Duluth city bonds.

To constitute an equitable assignment of property, there must be an appropriation or separation, and the mere intent to appropriate is

not sufficient. Christmas v. Russell, 14 Wall. 69, 84; Scudder v. Worcester, 11 Cush. 573; Hopkinson v. Forster, L. R. 19 Eq. 74; Ex parte Hardcastle, 44 Law T. (N. S.) 523; Warriner v. Rogers, L. R. 16 Eq. 340; Miller v. Congdon, 14 Gray, 114; Aldridge v. Johnson, 7 El. & Bl. 885; Dickenson v. Phillips, 1 Barb. 454; Benj. Sales, (4th Amer. Ed.) §§ 352-354. In this case the bank in fact appropriated $18,500 of these bonds when it placed them in a separate package, and marked it as the property of the plaintiff. But the bank stopped there, and the reason is obvious, since it had no other five-year bonds which would make up the balance due. To be sure, it agreed to substitute one-year bonds to cover this deficiency, and directed that this should be done; but it is plain that this could not be done from the one-year bonds then on hand, which are set out in the bill, because the $7,000 bond was too large, and all the smaller bonds, put together, would not equal the amount required. The indorsement, "6,500 due Putnam," on the package of miscellaneous bonds, was not a separation or appropriation of bonds to that amount in favor of the plaintiff. It was manifestly not so intended. There was no bond or combination of bonds inside the package which would make up that amount. This writing was a mere memorandum that such an amount of bonds was due the plaintiff. This interpretation of the words is the natural one, and is in accord with the condition of things as they existed at the time. It is made clear by the indorsement on the $18,500 package, which says, "Property of Putnam Sav. Bank." The memorandum as to the $6,500 of bonds was no more an appropriation than an entry to that effect on the books of the bank, or a slip of paper found in the paying teller's drawer, which should have upon it a writing that a certain sum of money was due a depositor. It showed no intent to pass title to any specific amount of bonds, but was merely a writing declaring what was due.

The plaintiff relies on the language of Lord Cranworth in Hoare v. Dresser, 7 H. L. Cas. 290, 317, and on Rayner v. Harford, 27 Law J. Ch. 708. The doctrine laid down in these cases seems to be that where there is an agreement to appropriate a part of a larger cargo, as, for example, an order to sell part of a cargo of wheat to arrive, equity will interfere, and give a lien to the person so entitled. In such a case there must be an agreement to appropriate the whole or a part of a specific thing, and it is not sufficient that the vendor may have property available for the specific performance of his contract. The difficulty in the present case is that, while the Maverick Bank agreed to do a certain thing, it was not, so far as appears, in a condition to execute its agreement, and never, in fact, did so. Nor can equitable relief be invoked on the ground of accident or mistake for the reason that this case does not come within that class of cases. Here there was no accident or mistake in the performance of what the parties intended, but an entire failure of performance.

Demurrer sustained.